IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRAIG N. CAREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-21-209-GLJ |
| v. | ) |
| | ) |
| FRANK J. BISIGNANO,[1] | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Claimant appealed the decision of the Commissioner of the Social Security Administration denying his request for benefits. The Court entered an Opinion and Order remanding this case for further administrative action on November 4, 2022. [Docket Nos. 27-28]. On remand, the Administrative Law Judge ("ALJ") found that Claimant was disabled and awarded him past-due benefits. Claimant's attorney now seeks an award of fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that Claimant's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 34] should be granted and that Claimant's attorney should be awarded $14,882.50 in attorney's fees.

The Court must initially determine if the motion at issue is timely. Section 406(b)

---

[1] On May 6, 2025, Frank J. Bisignano became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted for Kilolo Kijakazi as the Defendant in this action.

does not address when a motion for attorneys' fees should be filed, so the Tenth Circuit has instructed that "the best option . . . is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Thus, a Section 406(b) motion for attorneys' fees must be filed within a reasonable time of receipt of the Notice of Award. *See generally* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). In this district, "a reasonable time" means within thirty days of issuance of the Notice of Award unless there is good reason for a lengthier delay. *See, e. g., Harbert v. Astrue*, 2010 WL 3238958 at *1 n.4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). The motion for attorneys' fees in this case was filed on May 27, 2025, two-hundred eighty-one days after the Notice of Award was issued on August 19, 2024. *See* Docket No. 34, Ex. 2. However, the motion was filed within six days of an "Important Information" letter dated March 30, 2025,[2] from the Social Security Administration which indicated Claimant had achieved a favorable decision on remand and $14,882.50 was being withheld to pay representative fees. Docket No. 34 Ex. 1. In response to the Court's Order requesting a supplement as to Counsel's delay in timeliness, *see* Docket No. 36, counsel for Claimant indicated that on

---

[2] Although the letter is dated March 30, 2025, it is post-marked May 15, 2025, and was not received until May 21, 2025. Docket No. 34, Ex. 1.

March 16, 2023, she sent a copy "of the Appeals Council *Order of Remand* to the administrative representative and requested that if he achieved a favorable result on remand, he provide . . . a copy of the favorable decision and *Notice of Award*." Docket No. 37, p. 2. However, Claimant's attorney was never provided a copy of the favorable decision or Notice of Award because the administrative representative himself had not received the favorable decision or Notice of Award. *Id.* The Court is not entirely satisfied with this explanation as it is unclear that Claimant's attorney took steps to follow up with the administrative represent between March 16, 2023, and May 22, 2025, or that the administrative representative took affirmative steps to uncover the favorable decision and Notice of Award. But, inasmuch as there are no timeliness objections by the Commissioner, and in light of the fact Claimant's attorney acted promptly upon becoming aware of a favorable decision and Notice of Award, the Court declines to find that the motion was not filed within a reasonable time under Fed. R. Civ. P. 60(b)(6). The Court therefore finds that the motion for attorney fees under Section 406(b) is timely.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. 406(b)(1)(a). The 25% does not include any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court

representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The amount requested in this case is $14,882.50, approximately 25% of Claimant's past-due benefits[3] in accordance with the applicable attorney fee agreement. The Court therefore need only determine if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors to consider include: (i) the character of the representation and results achieved, (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[,]" and (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808 (citing *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work)); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F.2d 367, 372 (2nd Cir. 1990) (courts should consider "whether the requested amount is so large as to be a windfall to the attorney").

---

[3] The Notice of Award states that the SSA "usually withhold[s] 25 percent of past due benefits[,]" and that $16,082.50 was withheld in this case. However, the "Important Information" letter indicates $14,882.50 was withheld and that this amount "represents the balance of 25 percent of the past-due benefits[.]" Docket No. 34-1. Based on this, the total past due amount is $59,530.00.

Contemporaneous billing records may be considered in determining reasonableness. *Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.") (citing *Rodriguez*, 865 F.2d at 741).

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $14,882.50 in attorney's fees is reasonable for the work done in this case. First, the attorney ably represented Claimant in his appeal to this Court and obtained excellent results on his behalf, *i.e.*, an order remanding this matter which resulted in a reversal of the Commissioner's decision denying benefits. *See* Docket No. 27. Claimant's success on appeal enabled him not only to prevail in his quest for social security benefits, but also to obtain $6,000.00 in attorney's fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See* Docket No. 33. This amount received will essentially reduce any amount awarded from his past-due benefits pursuant to Section 406(b). Second, there is no evidence that Claimant's attorney caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to Claimant's attorney, who spent a total of 29.4 hours on this appeal. *See* Docket No. 21, Ex. 2. This would equate to a rate of $506.21, at most, per hour for attorney time, which is not excessive given that the fee was contingent, and the risk of loss was not negligible. The Court therefore concludes that the requested fee of $14,882.50 is reasonable within the guidelines set by *Gisbrecht*.

It appears from the record that the Commissioner retains sufficient funds to pay the $14,882.50 awarded to the Attorney herein under Section 406(b)(1). If, however, for any reason the Commissioner may not have sufficient funds on hand to satisfy the $14,882.50 awarded herein, Claimant's attorney will have to recover the difference from Claimant himself, not from his past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Furthermore, because the $14,882.50 awarded herein pursuant to Section 406(b)(1) exceeds the $6,000.00 previously received by Claimant as part of the EAJA fee award, Claimant's attorney must refund the latter amount to Claimant. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, Claimant's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 34] is hereby GRANTED. The Court approves an award of attorney fees in the amount of $14,882.50 to Claimant's attorney pursuant to 42 U.S.C. § 406(b)(1) and directs the Commissioner to pay to Claimant's attorney the balance of any past-due benefits in his possession up to said amount.

**IT IS SO ORDERED** this 9th day of June, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**